# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Ernest,<br><br>        Petitioner,<br><br>v.<br><br>Ryan Thornell,<br><br>        Respondent. | No. CV-24-01844-PHX-JJT (DMF)<br><br>**ORDER** |

Before the Court is the Report and Recommendation (Doc. 29, "R&R") entered in this matter by United States Magistrate Judge Debra Fine concluding that the Court should dismiss as untimely the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner filed timely Objections to the R&R (Doc. 30) and Respondent has filed a Response thereto (Doc. 31).

In his Petition, Petitioner set forth four grounds for relief, including 1) factual innocence as to two of the three remaining charges of conviction; 2) a violation of his rights to notice and due process under the Fifth, Sixth and Fourteenth Amendments stemming from application of a state statute requiring consecutive sentencing as to his Count 2 conviction; 3) denial of effective assistance of counsel at every stage of his criminal matter, including trial, appeal and his first PCR proceedings; and 4) denial of his federal habeas rights by ADCRR from 1997 to 2024. In an exhaustive and precise 45-page R&R, Judge Fine concludes—after showing her work—that the Petition must be dismissed. First, she demonstrates with a walk through the timeline of the underlying litigation that the

Petition itself is untimely and must be dismissed for that reason. But Judge Fine nonetheless looks at the four individual grounds Petitioner raises, and upon doing so, she plainly sets forth why Grounds One, Three and Four are in any event procedurally defaulted without excuse and Ground Two would fail on its merits. Finally, the R&R concludes Ground Four and that component of Ground Three arguing ineffective assistance of counsel during the initial PCR proceedings are non-cognizable in habeas proceedings. Petitioner's Objection fails to persuade that any of Judge Fine's factual findings or her application of the provisions of 28 U.S.C. § 2244(d)(1)(A), the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and the caselaw interpreting it are incorrect.

Petitioner's judgment and conviction became final on April 14, 1997, 90 days after the Arizona Supreme Court denied review of the Arizona Court of Appeals' decision on his direct appeal. Judge Fine meticulously and correctly explained in the R&R why none of the AEDPA provisions allowing for a later start date to the tolling period (as set forth in subsections 2244(d)(1)(B, C, or D)) apply to Petitioner's matter. (R&R at 12-15.)

The Court here expressly endorses Judge Fine's conclusion that Petitioner has shown no unconstitutional state action preventing him from filing his habeas petition from 1997 to 2024, as he has argued in urging a delayed commencement of the period under subsection 2244(b)(1)(B). The Arizona Department of Corrections' ("ADCRR") DO 902 did not prevent prisoners from filing state post-conviction relief and federal habeas proceedings during that period by its own express language, by the procedural history of this case showing Petitioner pursued post conviction relief five times unimpeded by ADCRR policy, and by the weight of the Court's docket in the literally thousands of other habeas matters filed by Petitioner's fellow ADCCR inmates during that period, the fact of which the Court can take judicial notice. And as regards subsection 2244(b)(1)(D), Petitioner flatly misunderstands the definition of "factual predicate," conflating what his purported experts would opine as to the legal significance of already known facts, on the one hand, with newly discovered facts underlying the claim, of which he identifies none.

Thus, AEDPA's one-year limitations period began to run on April 15, 1997, and would expire one year later unless statutorily tolled.

That period was in fact tolled on its very first running day—April 15, 1997—by Petitioner's filing of his initial PCR notice. (R&R at 16.) It remained tolled until the PCR proceedings ceased pending. That cessation occurred a little over eight months later on December 29, 1997, when the state court dismissed the PCR proceeding because Petitioner did not file any petition. Although Petitioner had 30 days under (then) Arizona Rule of Criminal Procedure 32.9(c) to seek review of that dismissal in the Arizona Court of Appeals, he did not do so, and under the rule his PCR matter ceased to be pending on the date of the last ruling. AEDPA's limitation period then began to run again on that date, and since none of the period had expired previously, it ran for another year until December 29, 1998.

As the R&R notes, once the limitations period runs, subsequent PCR proceedings do not restart it; thus, Petitioner's second through fifth PCR proceedings had no tolling effect. Petitioner did not file his habeas Petition until July 26, 2024—more than 25 years too late, unless either equitable tolling or the *Schlup* "actual innocence" gateway applies. And as Judge Fine painstakingly demonstrates, neither does.

First, the record does not show that Petitioner was pursuing his rights diligently to file a habeas petition. Like Judge Fine, the Court cannot square Petitioner's failure to file for habeas relief until 2024 with the fact that he had filed so many unsuccessful PCR petitions. And for reasons already stated above, Petitioner has not shown that ADCRR policy in the form of DO 902 constituted some extraordinary circumstance that prevented him from timely filing under Section 2254. Thus, equitable tolling does not apply here.

And second, the "actual innocence" gateway recognized in *Schlup v. Delo*, 513 U.S. 298 (1995) does not apply to Petitioner's circumstances. Judge Fine reviewed the entire trial transcript to evaluate all the testimony and evidence offered to the jury there, and sets forth in great detail why the purported expert opinions Petitioner would now offer would not, in consideration alongside that evidence received at trial, make it more likely than not

that "no reasonable juror would have convicted Petitioner" had they heard the additional evidence or testimony. The Petition thus is untimely without excuse and must be dismissed.

The Court has reviewed Judge Fine's similarly detailed analysis of the individual grounds set forth in the Petition, as well as her conclusions that Grounds One, Three and Four are procedurally defaulted without excuse (R&R at 34-41), Ground Two would fail on its merits if reached (R&R at 29-34), and Ground Four and part of Ground Three as it pertains to initial PCR proceedings are not cognizable in habeas proceedings (R&R at 28-29). It adopts the reasoning of the R&R as to those conclusions. Having already concluded the Petition as a whole is untimely and must be dismissed as such, it will not further address those "belt-and-suspender" findings in detail here. As dismissal is based in the first instance on the untimeliness of the Petition, the Court will deny Petitioner's request for evidentiary hearing and appointment of counsel.

**IT IS ORDERED** overruling the Objection (Doc. 30) and adopting in whole the R&R entered in this matter by Judge Fine (Doc. 29).

**IT IS FURTHER ORDERED** dismissing with prejudice as untimely the Petition (Doc. 1). The Clerk of Court must terminate the matter.

**IT IS FURTHER ORDERED** denying a certificate of appealability. The Court's decision applies a plain procedural bar, the application of which reasonable jurists would not find debatable.

Dated this 1st day of April, 2026.

Honorable John J. Tuchi
United States District Judge

- 4 -